**FILED - LN**
June 19, 2008 2:40 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DISABLED PATRIOTS OF AMERICA,
INC., a Florida Not-For-Profit
Corporation, and EFREM WALKER,
Individually,

   Plaintiffs,

v.

WINDSON INC, A Domestic Corporation,

   Defendant.
_____/

Case No.

Judge
Magistrate Judge

**1:08-cv-585**
**Gordon J Quist**
**US District Judge**

STEVE FOX
FOX & ASSOCIATES
7955 Autumn Woods Drive SE
ADA, MI 49301
(616) 676-4300
Fax: (616) 676-5900
foxlawfirm@aol.com

LAWRENCE A. FULLER
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 609
North Miami, FL 33181
(305) 891-5199
Fax: (305) 893-9505
lfuller@fullerfuller.com

Attorneys for Plaintiffs:
Disabled Patriots of America, Inc. and
Efrem Walker
_____/

## **COMPLAINT**
(Injunctive Relief Demanded)

  Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., a Florida Not-For-Profit Corporation, and EFREM WALKER, Individually, on their behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue

the Defendant, WINDSON INC, A Domestic Corporation,(sometimes referred to as "Defendant"), for Injunctive Relief, and attorneys fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiffs, EFREM WALKER, is an individual residing in Pontiac, MI, in Oakland County.

2. Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., is a Not-For-Profit Corporation formed under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC. maintains its principal office at 702 North E Street, Lake Worth, FL 33460, in the County of Palm Beach.

3. Defendant's property, Quality Inn, is located at 3121 East Grand River Avenue, Lansing, Michigan 48912, in Ingham county.

4. Venue is properly located in the Western District of Michigan because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff Efrem Walker is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Efrem Walker has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers

to access at the property have endangered his safety. The Plaintiff is also a member of the Plaintiff organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in paragraph 7.

7. Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a Not-For-Profit Florida Corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, or leases to is known as Quality Inn, and is located at 3121 East Grand River Avenue, Lansing, Michigan 48912, in Ingham county.

9. DISABLED PATRIOTS OF AMERICA, INC. and EFREM WALKER have a realistic,

credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Efrem Walker desires to visit Quality Inn not only to avail himself of the goods and services available at the property but to assure himself that these properties are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiffs in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if each Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Quality Inn has shown that violations exist. These violations include, but are not limited to:

**Parking**

A. There are accessible spaces that do not provide signs designating the

      disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

B. Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

C. There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

D. Some of the accessible parking spaces are not dispersed and located closest to the accessible entrances, violating Section 4.6.2 of the ADAAG whose resolution is readily achievable.

E. There is a passenger unloading area provided for public use without designating an area for disabled use in violation of Section 4.6.6 of the ADAAG whose resolution is readily achievable.

F. Some of the disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

## Entrance Access and Path of Travel

A. There are no accessible routes from the street, sidewalk and parking areas. These are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and

       4.8.2 of the ADAAG whose resolution is readily achievable.

B.     The ramps do not provide edge protection as prescribed in Section 4.8.7 of the ADAAG whose resolution is readily achievable.

C.     There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

D.     The doors at several of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG whose resolution is readily achievable.

E.     There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG whose resolution is readily achievable.

F.     There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG whose resolution is readily achievable.

## Access to Goods and Services

A.     There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable.

B.     There are counters throughout the facility in excess of 36ö, in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

C.     There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

D. There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG whose resolution is readily achievable.

E. The public telephones throughout the facility do not provide the clear floor space for disabled patrons, in violation of Sections 4.31.1 and 4.31.2 of the ADAAG whose resolution is readily achievable.

F. There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG whose resolution is readily achievable.

### Restrooms

A. The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG whose resolution is readily achievable.

B. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

C. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG whose resolution is readily achievable.

D. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

E. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

F. There are exposed pipes in restrooms at the facility, violating of Section

       4.19.4 of the ADAAG whose resolution is readily achievable.

G.    There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

H.    Some of the restrooms do not provide the required amenities for public use violating the provisions of the ADAAG whose resolution is readily achievable.

### Accessible Guest Rooms

A.    There are rooms for public lodging at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

B.    The rooms designated as accessible are not equipped with accessible door hardware violating Sections 4.13.9 and 9 of the ADAAG whose resolution is readily achievable.

C.    The rooms designated for disabled use provide elements with controls and/or dispensers outside of the required reach ranges violating Sections 4.2 and 9 of the ADAAG whose resolution is readily achievable.

D.    The fixtures in the disabled use room have controls that cannot be operated with a closed fist in violation of the ADAAG whose resolution is readily achievable.

E.    The rooms designated for disabled use do not provide elements equipped for use by the hearing and/or 'visually impaired violating Section 9 of the ADAAG whose resolution is readily achievable.

- F. There are areas for storage provided without the clear floor space prescribed in Sections 4.2 and 9 of the ADAAG whose resolution is readily achievable.
- G. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.
- H. The grab-bars in the restroom provided in the room designated as accessible do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.
- I. The rooms designated for disabled use do not provide a compliant roll-in shower for use by the disabled, violating Section 9 of the ADAAG whose resolution is readily achievable.
- J. The sinks in the restroom provided in the room designated for disabled use do not meet the requirements prescribed in Sections 4.24 of the ADAAG whose resolution is readily achievable.

12. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiffs, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of, services, programs and activities of the Defendant's buildings and facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

The individual Plaintiffs, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if the Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Quality Inn to make those facilities readily accessible to and useable by the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorneys fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

*[signature]*

M.J. STEPHEN FOX (P32456)
FOX & ASSOCIATES
7955 Autumn Woods Drive SE
ADA, MI 49301
(616) 676-4300
Fax: (616) 676-5900
*foxlawfirm@aol.com*
AND

LAWRENCE A. FULLER
FULLER, FULLER AND ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
Fax: (305)893-9505
*LFuller@FullerFuller.com*

*Attorneys for Plaintiffs*
Disabled Patriots of America, Inc.
and Efrem Walker

SF/LAF:jl

ComplaintsenttoMr.Fox6-4-08.wpd    Dated: 5-30-_____, 2008.